## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLETTE D. LACHNEY, MARTHA | ) | |
| BERTHELOT,  GEORGE LEISTMAN, | ) | |
| EBBIN A. NORRIS, ETHEL L. ROBINSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIV-06-1389-HE |
| v. | ) | (Consolidated Cases) |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On March 16, 2007, the court issued an order conditionally certifying a class for presentation of claims under the Age Discrimination in Employment Act.  In that order, the court expressly found that Cindy Sioux was not an appropriate class representative because her charge of discrimination "was insufficient to put defendant on notice of the collective or class-wide nature of the charge or that she was seeking class-based relief."  Order [Doc. #26] at 5 (footnote and internal quotations omitted).  Plaintiffs now seek reconsideration of that ruling.  Citing Federal Express Corp. v. Holowecki, 128 S. Ct. 1147 (2008), they argue the court – in determining whether Sioux made sufficient class-based allegations – must consider not only Sioux's formal charge of discrimination, but also the Intake Questionnaire she completed.  Plaintiffs contend Sioux's Intake Questionnaire "raises the issue of widespread age discrimination" and demonstrates "she sought broad relief, not only for herself but for others in the form of a policy change in Target."  Plaintiffs' Motion to Reconsider the Court's

1

Order of March 16, 2007 in Light of Recent Supreme Court Opinion [Doc. #71] at 2-3 ("Plaintiffs' Motion to Reconsider").

While a motion to reconsider is not among the motions recognized by the Federal Rules of Civil Procedure, the court retains discretion to reconsider and revise interlocutory orders prior to the entry of final judgment. *See* Unioil, Inc. v. Elledge, 962 F.2d 988, 993 (10th Cir. 1992); Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir. 1988). Contrary to defendant's assertion, this authority is not constrained by the restrictions associated with motions under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b), but is submitted to the court's sound discretion. Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (citations omitted). As the court's conditional class certification order is quintessentially interlocutory in nature, it is subject to revision should the court determine it is warranted.

Plaintiffs argue Sioux's Intake Questionnaire must be read in tandem with her formal charge of discrimination. In support of this assertion, they cite *Holowecki's* admonition that:

> Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies. Construing ambiguities against the drafter may be the more efficient rule to encourage precise expression in other contexts; here, however, the rule would undermine the remedial scheme Congress adopted.

Holowecki, 128 S. Ct. at 1160. The court, however, need not determine whether *Holowecki* requires the court to review both documents to determine the scope of the charge[1] because,

---

[1] *The plaintiff in Holowecki did not file a charge of discrimination until after he filed suit in district court. Holowecki, 128 S. Ct. at 1160. It appears the Supreme Court did not consider the*

even taken together, the documents are still insufficient to put defendant on "notice of the 'collective or class-wide nature of the charge.'" <u>Foster v. Ruhrpumpen, Inc.</u>, 365 F.3d 1191, 1199 (10th Cir. 2004).

The court acknowledges this case presents a close question, but the court's "inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge." <u>Jones v. United Parcel Serv.</u>, 502 F.3d 1176, 1186 (10th Cir. 2007).  In her Intake Questionnaire, Sioux complains of a "policy & practice of engaging in a pattern of age discrimination" and requests a "policy change and any pertinent damages rewarded".  Exhibit 1 to Plaintiffs' Motion to Reconsider at ¶¶ 9, 18.  The reference to a policy and practice of discrimination is, by itself, insufficient raise a reasonable implication that Sioux is seeking class-wide as opposed to individual relief as pattern and practice evidence can be used to prove individual claims for discrimination.  *See* <u>Jones</u>, 502 F.3d at 1188-89.  Likewise, the single oblique request for "policy change", which basically parrots the language of the questionnaire,[2] certainly does not rise to the level of a six-page affidavit that ends with a request to "[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created within their application of *Best*

---

*latter-filed charge in conjunction with the Intake Questionnaire; rather, it focused on the documents filed in December 2001.* <u>Id.</u>

[2]*The "policy change" response was in answer to the following questions: "What are your expectations of filing this charge?  What do you want to happen (reinstatement, policy change, promotion, back pay, etc.)?"  Exhibit 1 to Plaintiffs' Motion to Reconsider at ¶ 18.*

*Practice/High-Velocity Culture Change*."   <u>Holowecki</u>, 128 S. Ct. at 1159-60 (italics in original).  Moreover, Sioux's Intake Questionnaire differs in a material respect from those charges the court found to sufficiently request collective relief: Lachney, Norris, and Robinson all specifically indicated the alleged age discrimination affected a "class" of workers.  Exhibit 1 to Plaintiffs' Submission of EEOC Charges of Discrimination at 7, 10, 11 [Doc. #58-2].

Given the relatively unequivocal charge of discrimination filed by Sioux, which clearly sought only individual relief, coupled with an most ambiguous Intake Questionnaire, the court concludes Plaintiffs' Motion to Reconsider the Court's Order of March 16, 2007, in Light of Recent Supreme Court Opinion [Doc. #71] should be and is **DENIED**.

**IT IS SO ORDERED**.

Dated this 27th day of June, 2008.


JOE HEATON
UNITED STATES DISTRICT JUDGE