**GARY M. RICHETTO, Ph. D**
9711 SOUTH SANDUSKY AVENUE
TULSA, OKLAHOMA 74137
(918) 492-6320

June 30, 2008

Jim T. Priest, Esq.
Whitten Burrage Priest Fulmer Anderson & Eisel
One Leadership Square, Suite 1350
211 North Robinson
Oklahoma City, Oklahoma 73102

    Re:   ***Charlette Lachney, et al. v. Target Corporation***
            U.S.D.C. W.D. Oklahoma, No. CIV-06-1389-HE (Consolidated Cases)
            Your File No. 3141.0001

Dear Mr. Priest:

As requested, I have reviewed the following materials related to the above-referenced litigation:

> *Target Executive Team Member Handbook*;
> *Target my Total Compensation: Pension Choice Decision Guide*;
> *Target my Total Compensation: Important Benefits Eligibility Changes for Hourly Store Team Members*;
> *Target "The Es of Excellence"*;
> *Welcome to Team Target (Rev. 6/94)*;
> *Welcome to Team Target (Rev. 10/98)*;
> "New Team Member Orientation" (DVD);
> Afffidavit of Richard Thomas Carraher, sworn to on November 7, 2007;
> Affidavit of Mike Irwin, sworn to on November 13, 2007;
> Performance Evaluation Documents of Steve Greshowak;
> Deposition Transcripts of:
>     Martin Alberto Anchondo, taken March 2, 2006;
>     Jessica A. Adkins, taken March 5, 2008;
>     Martha Berthelot, taken March 16, 2006;
>     Linda Bizzell, taken January 14, 2006;
>     Hanna Brue, taken April 2, 2008;
>     Gloria Bunton-Canniff, taken January 23, 2008;
>     Deborah Buttram, taken February 11, 2008;
>     Carolyn Carr, taken November 26, 2004;
>     Daniel Caspersen, taken April 4, 2006;

**EXHIBIT 15**

Jim T. Priest, Esq.
June 30, 2008
Page Two

       Pheryl Clarence, taken February 26, 2008;
       Jennifer Dasczynski, taken April 29, 2008;
       Darren Denman, taken January 24, 2008;
       Pauline Kay Denton, taken April 10, 2008;
       Elvira Dukes, taken February 12, 2008;
       Tet Fields, taken January 10, 2006;
       Callie Fincher, taken January 25, 2008;
       Ellen M. Flesher, taken March 6, 2008;
       Tahereh Ghandbari, taken February 12, 2008;
       Monica Lynn Gillespie, taken September 25, 2007;
       Eliza Henry, taken February 13, 2008;
       Maria Hernandez, taken March 19, 2008;
       Mary Ann Hicks, taken February 20, 2008;
       Erika Huff, taken February 11, 2008;
       Bessie Johnson, taken January 21, 2008;
       Constance Kai, taken February 27, 2008;
       Crystal Kelly, taken April 8, 2008;
       Sid Keswani, taken October 26, 2007;
       Charlette Lachney, taken March 13, 2006;
       George Leistman, taken March 14, 2006;
       Kenneth Liberton, taken December 1, 2004;
       Delia Lopez, taken February 13, 2008;
       Michael M. Maiahy, taken September 29, 2004;
       Milton Marcus, taken February 26, 2008;
       Carmen P. Marrufo, taken March 6, 2008;
       Phyllis Masek, taken February 26, 2008;
       Jamal Merchant, taken January 16, 2006;
       Steven P. Middleton, taken January 24, 2008;
       Linda Morones, taken January 23, 2008;
       Carole Murphy, taken January 22, 2008;
       Ebbin "Sandy" Norris, taken March 14, 2006;
       Debra Ogden, taken April 2, 2008;
       Janet Pascal, taken April 2, 2008;
       Kathy Raglin, taken February 19, 2008;
       Hoang Thi Reynolds, taken January 23, 2008;
       Ethel Robinson, taken March 13, 2006;
       Buff Scott, Jr., taken February 14, 2008;
       Cindy Sioux, taken January 11, 2006;
       Osiris Thorman, taken January 24, 2008;

Jim T. Priest, Esq.
June 30, 2008
Page Three

        Sharon Lee Tucker, taken February 14, 2008;
        Develle Turner, taken September 27, 2005;
        Vicki Weilert, taken April 2, 2008; and
        William Wray, taken April 2, 2008.

In addition to reviewing these materials, I have gained further general knowledge and background information regarding Target Corporation (Target) by visiting its web site (Target.Com) and reading a sampling of articles written about the Company appearing in business magazines and the popular press.

As requested, I have reviewed these materials in the effort to form a professional opinion regarding the "meta-message" (message within the message) conveyed by Target's comprehensive and consistent use of the terms, "Target Brand", "Fast, Fun and Friendly" and "Speed Is Life", through multiple channels and modes of communication.

**Expert Qualifications**

While a copy of my *curriculum* vitae is enclosed with this report, the following will serve to briefly summarize my qualifications for providing expert testimony: I hold a Doctorate from Purdue University in Organizational/Interpersonal Communication, with further concentrations in Organizational Behavior and Consumer Psychology. I have published peer reviewed articles, book chapters and texts in both the areas of organizational/interpersonal communication and human factors. I have presented invited papers and tutorials at national conferences for professional and/or academic societies such as: The International Communication Association, The Speech Communication Association, The American Society for Training and Development, and The Human Factors and Ergonomics Society. Earlier in my career, I held professor and adjunct faculty positions at General Motors Institute (now Kettering University), the University of Michigan Graduate School of Business, and the University of Tulsa College of Business Administration, teaching courses in organizational communication, organizational psychology, persuasion and attitude change and organizational behavior.

In terms of litigation support, I have provided expert testimony in both State and Federal court jurisdictions at the request of both plaintiff and defense counsel since 1985. Such

Jim T. Priest, Esq.
June 30, 2008
Page Four

testimony has addressed the adequacy, efficacy and impact of oral, written, and non-verbal messages related to product and work place warnings and instructions, employee training and development, and the effects of "corporate culture" in fostering, and/or reinforcing such messages. In addition to providing deposition testimony in other states, I have been qualified and provided trial testimony in State and Federal courts in California, Colorado, Michigan, Nevada, Ohio, Oklahoma, New York, Michigan and Texas

## OPINIONS AND RATIONALE

I have reviewed this significant volume of materials within the analytical framework of Communication Theory: Source, Message, Channel, Receiver, Feedback (e.g., Berlo, 1960), resulting in the following opinions and supporting rationale:

Based upon this review, my over-arching opinion is that the specific terms and phrases, "Target Brand" (when applied to individual employees—"team members"); "Fast, Fun and Friendly" (when applied to individual team members or collective teams); and "Speed is Life" (when applied to team member performance or activity) communicate the meta-message that Target values younger employees and related "youthfulness" as an attribute to be displayed, mimicked, reinforced and rewarded among its work force.

The reciprocal meta-message communicated by the use of these terms is that the lack of such youthfulness among team members and "executives" is not valued, is not openly displayed, is not encouraged and likewise is not rewarded.

Communication theorists have for decades observed and reported on the effects of message repetition, redundancy and reinforcement to enhance message reception and ingrain message effects among receivers (e.g., Lazarsfeld, et al. 1963). Essentially, this research literature has determined that the more communication channels employed, conveying the same frequent and consistent messages or themes, the greater the likelihood that such messages will both reach and influence their intended receivers.

In this instance, Target's multi-channel use of oral, face-to-face, written, and visual modes of communication influence its employees—from recruiting, to initial orientation, to day-to-day operations—consistently conveying the message that, chief among any other attributes, to be" Target Brand", to be perceived as "Fast, Fun and Friendly", and to demonstrate behavior exemplifying "Speed is Life", is to appear relatively young or youthful.

Jim T. Priest, Esq.
June 30, 2008
Page Five

### Effects of the Meta-Message on Recruitment

In terms of recruitment, for example, Target's web site "careers" link depicts persons whose appearance is considerably younger than forty years of age. Additionally, Target has significantly increased its college recruiting staff over the past few years (Daniel Caspersen Deposition, pages 26 and 64), resulting in increased employment of recent college graduates, the vast majority of whom are commonly under the age of forty, often hiring them at the "executive team leader (ELT)" level and placing some of them in Target's eight-week "business college" as a means of accelerating their advancement (Sid Keswani Deposition, page 57). According to a former Target "store team leader (STL)" and later "district team leader (DTL)", some fellow Target managers favorably label such recruits as "bright eyes", a commonly-used term referring to employees "within a few years" of college graduation (Kenneth Liberton Deposition, page 97). Thus, materials reviewed indicate that language used internally, as well as faces portrayed externally, convey the message that Target's favored new-hire prospects are younger than forty years of age.

### Effects of the Meta-Message on "New Team Member Orientation"

In concert with the meta-message of preferred youthfulness in recruiting efforts, visual images appearing in the "New Team Member Orientation" DVD and *Welcome to Team Target* handbook overwhelmingly reflect younger, as opposed to older, employees.

While I did not attempt to do a "frequency count" of younger versus older appearing faces in the orientation DVD (since some faces appear repetitively in different scenes), even a cursory review of this training video would reveal some ratio akin to 10-to-1 in favor of employees appearing to be under the age of forty, as opposed to those forty years of age and older. Interestingly, those few persons presented appearing older than forty are seen mostly in video segments portraying Target customers ("guests") or shareholders, as opposed to team members.

Granting some "artistic license" to maintain interest—such as depicted team members leaping over chairs or moving packages on to a conveyor in high-speed "Charlie Chaplin" fashion—the prevailing meta-message of this orientation video is that to be "Fast, Fun and Friendly" and a human expression of "Target Brand" is indeed to be youthful.

**Effects of the Meta-Message on Work Place Behavior**

The jury must of course ultimately determine whether Target's messages of its "Brand", "Fast, Fun and Friendly", and "Speed is Life" are, at least in part, "code" terms whose effects negatively impact older members of its work force. However, while not offering an opinion on allegations of age discrimination, my review of sworn testimony revealed that many former team members, supervisors and managers believe the corporate culture emerging within Target over the past several years indeed places greater value on recruiting, training and promoting younger employees.

The following examples gleaned from deposition testimony and sworn affidavits, while not exhaustive, reflect perceived effects and outcomes of Target's relatively recent emphasis on attributes and behavioral characteristics commonly associated with younger workers such as energy and speed of performance—attributes of a "Target Brand" team member:

Martin Anchondo testified that he was told he was "old school", and "not Brand". When asking about the departure of another employee, he was told the former employee had not been Brand and that "you needed to be Brand in the future." (Anchondo Deposition, pages 19 and 41);

Jessica Adkins testified that her executive team leader (ETL) contrasted her performance with younger team members, saying they "could run circles around you" and that she needed to move faster and "hustle more". (Adkins Deposition, pages 19 and 23);

Linda Bizzell testified that her supervisor, referring to younger workers, said they had gotten their work done, asking what was wrong with her and stating you "cannot teach an old dog new tricks" (Bizzell Deposition, page 77);

Gloria Bunton-Canniff testified that she deemed herself "not Target Brand" because she was in her fifties and overweight (Bunton-Guniff Deposition, page 49);

Deborah Buttram testified that her supervisor inquired about her age "a lot" (Buttram Deposition, page 33);

Carolyn Carr, Target Human Resources manager, testified that she was concerned about older team members not feeling they were representative of Target's corporate image; as well as a pattern of employees over forty years of age identified in succession planning documents and "upgrade lists"; and sharing her concerns with higher management (Carr Deposition, pages 55, 63 and 81);

The sworn affidavit of Richard Carraher, former executive recruiter in Target's Human Resources Department, is informative in terms of the meta-message conveyed by "Target Brand". Referencing a regional meeting attended by Develle Turner, Target's Manager of Diversity Recruiting, Mr. Carraher swore that Mr. Turner reported asking Target senior executives to describe the types of employees who fit the "Target Brand", to which these executives replied "a person who is young and energetic" (Carraher Affidavit, page 3). When asked about this comment during his deposition, Mr. Turner, while not recalling with certainty, did not deny having made it (Turner Deposition, page 41 ).

Jennifer Dasczynski testified that she perceived the Target trend moving toward "Fast, Fun and Friendly" behavior; that her former supervisor felt "they" (higher management) did not deem him "Target Brand"; and that the term "Brand" referred to both the store and people. She further testified that, when she asked her supervisor why he spent more time talking with employees younger than she, he responded, "because they are high potential(s)" (Dasczynski Deposition, pages 25, 29, 82 and 85);

Tet Fields testified that, when observing the speed of her performance, her supervisor commented "maybe she should get roller skates" (Field Deposition, page 92);

Callie Fincher testified that her supervisor told her she "was not value added", apparently perceived as lacking Target-valued attributes (Fincher Deposition, page 17);

Steve Greshowak's performance evaluation documents clearly evidence that, beyond a mere slogan or catch phrase, Target management employs "Speed is Life" as a criterion for assessing individual performance. Mr. Greshowak's annual review for FY 2002, as well as a documented "counseling" memo, written "warning" and "final warning" received in 2003, consistently incorporated language such as "you have not modeled the 'Speed is Life'"; "move quickly" . . . "model 'Speed is Life'"; "learn to move quickly and efficiently" . . . "truly model 'Speed is Life'"; and "you must be willing to provide a superior Target Brand experience" . . . "do not allow yourself to only be comfortable with known business practices" . . ."truly model 'Speed is Life'".

Jim T. Priest, Esq
June 30, 2008
Page Eight

Crystal Kelly testified that she was told by her store team leader (STL) that Target was moving toward employing younger people (Kelly Deposition, page 32)

Charlette Lachney testified that, while never receiving a "not meeting expectations" mid-year performance review, her store team leader (STL) would periodically tell her to "speed up or else" (Lachney Deposition, page 54);

Kenneth Liberton testified to having received a number of messages from senior management indicative of Target's emphasis on hiring and developing younger employees. In his words, he was directed to terminate employees based upon "age, wage and appearance"; that such terminations had nothing to do with performance; that he was asked why he had not "moved on" (terminated) "gray hairs", replacing them with "bright eyes". He further testified that, when informing his supervisor he was fifty years old, she expressed "wonder that he can do his job"; that she stated she and another senior executive were tired of seeing "gray hairs" on Target's "Wall of Fame" as they exited the elevator; and that, having received an email making reference to "you old people" from her administrative assistant, believed this action was reflective of the "culture" being created by senior executive, Carmen Moch (Liberton Deposition, pages 33, 35, 54, 64 and 92);

Michael Maiahy testified that he was told to terminate a female team member because she was "too old" and "just can't move" (Maiahy Deposition, page 119);

Carmen Marrufo testified that her supervisor asked how old she was "a lot" (Marrufo Deposition, pages 37 and 38);

Jamal Merchant testified that his supervisor used the phrase "old dog-- new tricks" in reference to his performance, further stating that he was too old to adapt, was "moving too slow" and didn't have the "sense of urgency" needed to comply with changes that were happening within Target (Merchant Deposition, pages 65 and 127);

Steven Middleton testified that his supervisor told him he was not "Target Brand" and that his job had outgrown him, despite being described as "meeting or exceeding expectations" during his mid-year performance review (Middleton Deposition, pages 38, 45 and 66);

Ebbin (Sandy) Norris testified that his store team leader (STL) used the term "agitator" in reference to older team members (Norris Deposition, page 135);

Hoang Thi Reynolds testified that, as an Area Manager, she was directed in executive meetings to "get rid of old-timers", to "write them up" and that she could hire two younger employees in their stead (Reynold Deposition, page 74);

Cindy Sioux testified that, during "succession planning" meetings, employees over the age of forty were "targeted" for replacement, despite the fact that "no supervisor in their right mind would mention age" (Sioux Deposition, pages 66 and 140).

## SUMMARY

In summary, I believe these examples and other related testimony serve to reflect the effects of Target's corporate emphasis on personal characteristics and behavior commonly associated with youthfulness and younger members of the work force.

While "Target Brand", "Fast, Fun and Friendly", and "Speed is Life" are not "ageist" terms or phrases in and of themselves, evidence gleaned from the significant volume of materials provided me strongly indicates that they have served to create a corporate culture that places greater value on the perceived or potential contribution of younger, as opposed to older, employees.

Moreover, Target's systematic and consistent use of multiple verbal and non-verbal communication channels to impart both the "manifest" and "latent" messages conveyed by these terms and phrases when recruiting, orienting and managing employees, serves to foster and reinforce the types of behaviors and effects observed and experienced by many of those providing sworn testimony.

Jim T. Priest, Esq.
June 30, 2008
Page Ten

I reserve the right to further amplify, modify or otherwise alter the opinions expressed in this report if warranted by review of additional discovery materials which may be forthcoming.

In the interim, in compliance with Federal Rules for Civil Procedure, in addition to my *curriculum vitae*, I have enclosed a list of my deposition and trial testimony for the previous four years. My compensation fee for all work performed is $350 per hour.

Please do not hesitate to contact me at your convenience with any questions you may have regarding this report or enclosures.

Sincerely,

Gary M. Richetto

Jim T. Priest
June 30, 2008
Page Eleven

## References

Berlo, David K., *The Process of Communication: an Introduction to Theory and Practice*, Holt, Rinehart & Winston, 1960.

Lazarsfeld, Paul and Mezel, Herbert, "Mass Media and Personal Influence", in Edgar Schram (ed.) *The Sicent of Human Communication*, 1963, pages 94-115.