## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CHARLETTE D. LACHNEY, MARTHA     )
BERTHELOT,  GEORGE LEISTMAN,      )
EBBIN A. NORRIS, ETHEL L. ROBINSON, )
                                  )
             Plaintiffs,          )
                                  )          CIV-06-1389-HE
v.                                )          (Consolidated Cases)
                                  )
TARGET CORPORATION,               )
                                  )
             Defendant.           )

## <u>ORDER</u>

This matter is before the court on Plaintiffs' Second Motion to Compel Discovery

Production and Rule 30(b)(6) Information.  On July 21, 2008, the court issued an order

directing the parties to meet and confer in person in an attempt to resolve the discovery

dispute and to file a joint report reflecting the results of the in-person conference no later than

noon on August 13, 2008.  As indicated by the Joint Report on Discovery Conference [Doc.

#88], the parties were able to resolve the majority of the issues raised by plaintiffs' motion.

The court held a hearing on the remaining issues on August 14, 2008.

Analysis of plaintiffs' motion begins with the fundamental principle that the

touchstone for discovery is relevance.  Rule 26 of the Federal Rules of Civil Procedure

permits discovery of "any matter, not privileged, that is relevant to the claim or defense of

any party . . . ." Fed. R. Civ. P. 26(b)(1).   In a proper case, discovery may extend to "any

matter relevant to the subject matter involved in the action."  <u>Id.</u>  Relevancy for discovery

purposes is broadly defined, particularly in discrimination cases. <u>Gomez v. Martin Marietta Corp.</u>, 50 F.3d 1511, 1520 (10th Cir. 1995). The scope of discovery is thus not limited solely to the issues raised by the parties' pleadings "for discovery itself is designed to help define and clarify the issues." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978). Moreover, information subject to discovery is not restricted to evidence that would be admissible at trial; the information need only be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The scope of discovery is, however, subject to limitation where the discovery is unnecessarily cumulative or burdensome in light of the nature and circumstances of the case. Fed. R. Civ. P. 26(b)(2)(C).

As reflected in the Joint Report on Discovery Conference, defendant objects to providing discovery as to four general areas: (1) testimony and documents regarding defendant's pension and health insurance plans, (2) testimony regarding defendant's strategy to market to a younger demographic and to make its workforce mirror that demographic, (3) testimony regarding defendant's on-campus recruiting, and (4) depositions of two current and four former management employees of defendant. Defendant asserts two major grounds for objection, both of which are based on relevance. First, it argues plaintiffs' requests for information related to pension and health plans, marketing strategies, and on-campus recruiting exceed the scope of plaintiffs' theory of the case as pled in their complaints. Second, defendant argues that discovery beyond the level of the conditional class certified by the court is not appropriate. It claims that only personnel affiliated with Target's Group 391 who have been implicated in plaintiffs' claims are relevant to this action and argues

2

"plaintiffs have not demonstrated any basis for leaping over several layers of management to depose those who were among the highest-level executives in the Company."  Response in Opposition to Plaintiffs' Second Motion to Compel at 12 [Doc. #82].

The court concludes defendant's objections based on  "change of theory" are unpersuasive.  Plaintiffs suggest that the over-arching theory of their case has been, and continues to be, that they were subjected to age discrimination because defendant implemented a youth-focused policy and took steps to force them out of employment.  While the complaint emphasized "succession planning" and "unwarranted discipline" as the means by which the alleged strategy was implemented, it did not purport to be an exclusive listing of the means allegedly employed.[1]  Plaintiffs now claim the means employed by defendant included defendant implementing changes in its pension and health insurance plans, as well as its marketing and recruiting strategies, which were designed to or had the effect of advancing this alleged strategy.  The information sought by plaintiffs in the majority of the requests at issue has potential relevance to these claims.  Defendant has not demonstrated that  production of such information would be unduly burdensome.  In sum, the court concludes that defendant has not suggested a persuasive basis for limiting the scope of discovery in this regard.

With respect to defendant's argument that discovery should be limited to testimony or documents relating only to the Group 391 area/level, the court has already considered and

---

[1]*See complaint [Doc. #1], para. 5.05, alleging an "age motivated purge of employees" through policies "including" various ones listed.*

3

rejected that argument as a general proposition.  In its ruling on the first motion to compel, the court stated:

> In its order conditionally certifying a class for this action, the court limited the geographic scope of the class to the territory supervised by Carmen Moch, that is Group 391.  Maiahy v. Target Corp., Case No. CIV-03-1685-HE, order at 11 (W.D. Okla. Mar. 16, 2007) (Doc. #228).  That ruling, however, does not govern the scope of discovery.  Given that "discovery in discrimination cases should not be narrowly circumscribed . . . an employer's general practices are relevant even when a plaintiff is asserting an individual claim for disparate treatment." Gomez, 50 F.3d at 1520.  In this case, plaintiffs are asserting a collective action based on a pattern or practice of age discrimination.  The focus of proof for the first stage will therefore be on whether defendant engaged in "a pattern of discriminatory decisionmaking." Thiessen v. General Elec. Cap. Corp., 267 F.3d 1095, 1106 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002) (*quoting* Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 876 (1984)).  Evidence from the regional level may well be relevant to this inquiry.

Order at 4-5 [Doc. #45].  Plaintiffs are now seeking to depose individuals beyond the regional level.

As to prospective deponents Shiel and Moch, the court has little difficulty in concluding the objections to their deposition should be overruled.  Ms. Shiel was a senior vice president for Region 300, which includes Group 391.  As such, she was the immediate, or relatively immediate, supervisor of Ms. Moch in the Target heirarchy.  She is mentioned in some of the discussions referred to in the submissions of the parties and, in any event, may

have pertinent information as to the policies and practices implemented in her region.[2]  Ms.

Moch is apparently central to the plaintiff's case.  Her alleged role and actions were a

substantial portion of the basis for the scope of the court's conditional class determination.

The fact that she was briefly deposed in one of the now-consolidated (for discovery) cases

does not afford a persuasive basis for preventing her deposition now by plaintiffs.

    With respect to the other persons sought to be deposed, the result is less obvious.

One, Mr. Storch, was the Vice-Chairman of defendant at the times here in issue.  Others

(Blackwell, Casperson, and Kimbrough) are persons who formerly held human resources

positions at the national or company-wide level.  Efforts to compel the depositions of high

ranking officials in large national or international companies ordinarily require a more

thorough predicate showing of knowledge of, or involvement in, the matters is issue so as

to avoid "fishing expeditions" or efforts to unreasonably increase the settlement value of a

case.  *See generally*, Thomas v. IBM, 48 F.3d 478, 482-83 (10th Cir. 1995)(upholding

protective order precluding deposition of chairman of the board of directors).  Here, the court

concludes plaintiffs have made a sufficient showing to justify, as against the objections of

Target,[3] the depositions of Blackwell, Casperson and Kimbrough.  They were persons in the

_____

[2]*Contrary to defendant's suggestion, the issue for present purposes is not whether Ms. Schiel or other prospective deponents were "implicated" in the alleged discriminatory actions.  The issue is whether they have relevant information about the case.*

[3] *As defendant correctly notes, it is under no obligation to produce, pursuant to a notice for deposition, these* former *employees of Target.  However, in the circumstances existing here, the court concludes it is appropriate to resolve Target's objections now to what will presumably be deposition subpoenas directed to some or all of these individuals.*

"human resources" portion of the Target organization during the pertinent period of time, with responsibility for establishing and/or implementing the company's employment policies. Although they served at management levels above the group and regional levels, the court concludes a sufficient showing has been made as to their possible knowledge of company policies, or of the implementation or mis-implementation of those policies, that may have relevance to the claims of plaintiffs in this case.

The court concludes otherwise as to Mr. Storch, the then-Vice Chairman of defendant. Apart from indications he had general responsibility for strategic planning and the "six sigma" program, there appears to be little basis, other than speculation, as to what knowledge he would have bearing on the claims in this case. On the present showing,[4] the court concludes defendant's objection to the deposition of Mr. Storch should be sustained.

Accordingly, Plaintiffs' Second Motion to Compel Discovery Production and Rule 30(b)(6) Information [Doc. #81] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Pursuant to Rule 30(b)(6), defendant shall present for deposition one or more persons knowledgeable about the pension plans and health insurance plans referenced in Item

---

[4]*The court's conclusion does not preclude the possibility that, based on additional discovery in the case, a sufficient basis for taking Mr. Storch's deposition might be established in the future.*

No. 1.[5]  It shall also produce the documents referenced in RFPs 2, 5, 7-13 and 15;[6] to the extent that information as to RFP's 8, 9 and 10 is maintained, in the ordinary course of defendant's business, separately by Regions, defendant may comply by producing information for Region 300 only.

2.  Pursuant to Rule 30(b)(6), defendant shall present for deposition one or more persons knowledgeable about the matters referenced in Item Nos. 4 and 11 (marketing plans and strategies, etc.).

3.  Pursuant to Rule 30(b)(6), defendant shall present for deposition one or more persons knowledgeable about the matters referenced in Item No. 14 (on-campus recruiting efforts).

4.  Defendant shall produce Ms. Schiel and Ms. Moch for deposition at a mutually agreed time or, absent agreement, pursuant to notice.  Defendant's objections to the depositions of Todd Blackwell, Dan Casperson and Betty Kimbrough are denied; absent some agreement of the parties and deponents, which the court encourages, those depositions will proceed pursuant to deposition subpoena.  Defendant's objection to the deposition of Gerald Storch is sustained and plaintiffs' motion is denied as to him.

---

[5]*Plaintiffs indicated at the hearing they would abandon the request insofar as it reached "other benefits" beyond the pension and health insurance plans.*

[6]*RFP 6 is excluded as it appears unlikely to yield information relevant to this case and, to the extent relevant studies might fall within its parameters, they are included in other requests.*

7

If implementation of this order significantly impacts the ability of the parties to comply with the current scheduling order, they are directed to confer and submit, if possible, an agreed proposal for revision of scheduling deadlines.

**IT IS SO ORDERED.**

Dated this 20th day of August, 2008.

JOE HEATON
UNITED STATES DISTRICT JUDGE