# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Charlette D. Lachney, Martha Berthelot *et al*. and Ethel L. Robinson, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIV-06-1389-HE (Consolidated Cases) |
| Target Corporation, | ) ) | |
| Defendant. | ) ) | |
| Michael M. Maiahy, | ) ) | |
| Plaintiff, | ) ) | CIV-03-1685-HE (Consolidated for Discovery) |
| v. | ) ) | |
| Target Corporation, | ) ) | |
| Defendant. | ) ) | |
| Jamal K. Merchant, | ) ) | |
| Plaintiff, | ) ) ) | CIV-04-1659-HE (Consolidated for Discovery) |
| v. | ) ) | |
| Target Corporation, | ) ) | |
| Defendant. | ) ) | |
| Tet V. Fields, | ) ) | |
| Plaintiff, | ) ) ) | CIV-05-0021-HE (Consolidated for Discovery) |
| v. | ) ) | |
| Target Corporation, | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| Cindy Sioux, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIV-05-0300-HE |
| v. | ) | (Consolidated for Discovery) |
| | ) | |
| Target Corporation, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| Linda Bizzell, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIV-05-0829-HE |
| v. | ) | (Consolidated for Discovery) |
| | ) | |
| Target Corporation, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

## **JOINT PROTECTIVE ORDER FOR CONFIDENTIAL DISCOVERY MATERIALS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, on joint motion of the parties and for good cause shown, the Court hereby finds that a Protective Order is necessary to protect the confidentiality and proprietary nature of documents and trade secrets, and to protect from disclosure information that would cause unreasonable annoyance, embarrassment, or oppression, and disclosure of which would cause significant public and/or private harm. The Court hereby issues this Protective Order, and it is accordingly,

**ORDERED** that the confidential contents and proprietary nature of all documents, testimony, answers to interrogatories and requests for production or admission, and all other information in whatever form produced or given by any person, pursuant to order of this Court or pretrial discovery in this action (hereinafter "Discovery Materials") shall be protected and governed as follows:

1.     Any party may designate as confidential any Discovery Materials that are deemed in good faith by that party to embody, reflect, refer to or otherwise disclose (a) trade secrets, (b) information of a confidential or proprietary nature or (c) information that would cause unreasonable annoyance, embarrassment or oppression, and disclosure of which would cause significant public and/or private harm.  At this time, the parties anticipate the following documents will need to be protected pursuant to this Order: (a) documents containing confidential financial information; (b) employment records containing confidential information of individuals who are not a party to this lawsuit; (c) documents containing confidential marketing, operational or other internal strategic information; and (d) any other documents which if disclosed would cause significant public and/or private harm.  Any party may designate a document as confidential by either physically marking them as "Confidential – Subject to Protective Order" or by separately producing and copying such information and notifying the discovering party in writing of their protected nature.  A party may designate deposition testimony as confidential and subject to this Protective Order at the beginning of a deposition.  Within thirty (30) days of receipt of the transcript for review, the party invoking the "Confidential – Subject to Protective Order" designation must identify those portions of the final transcript which will remain protected by designating as "Confidential – Subject to Protective Order" pages of the transcript in a letter to opposing counsel.

2.     Discovery Materials designated as confidential may only be made available to (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this action; (b) a party, or independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action after said person has executed and delivered to counsel contemplating the

disclosure such person's written acknowledgment, agreement and consent to abide by the terms of this Protective Order; and (c) witnesses, court personnel and court reporters at any proceedings held in connection with this action.

3. Any person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided.

4. Any Confidential Discovery Materials submitted to any court, including this Court, shall be <u>filed and maintained under seal</u> by the Court's clerk with the following designation written on the outside:

**"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"**

Pursuant to Order of this Court on the ____ day of December, 2008, the above-identified papers are not to be opened or the contents thereof displayed or revealed until further order of the Court.

5. All documents provided by defendant to the Equal Employment Opportunity Commission or any other administrative agency relating to a charge of discrimination filed by any plaintiff in these consolidated lawsuits and marked "Confidential" shall be subject to this Order.

6. Upon termination of this action, including any appeals thereof, all copies of Confidential Discovery Materials shall be returned to the producing party, with the exception of one copy, which counsel may retain in his or her litigation file for no longer than five years following termination of this action, including appeals thereof, at which point the Confidential Discovery Materials shall be destroyed.

7. If any party objects to another's designation of Discovery Materials as confidential, the objecting party shall give counsel for the party making the designation written

notice of such objection, stating the reason(s) for the objection. The designating party shall respond in writing within ten (10) working days of its receipt. If the parties cannot resolve their dispute, the objecting party may, upon not less than five (5) working days notice to the designating party, apply to the Court for a ruling on whether the materials shall continue to be treated as confidential under the terms of this Protective Order.

8. Nothing herein shall affect or restrict the rights of any party with respect to its own documents.

9. By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

10. This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court. The parties have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provisions of this Protective Order would later result in undue burden or expense or would undermine counsels' ability to represent their clients in this case.

**IT IS SO ORDERED**.

Dated this 5th day of December, 2008.

JOE HEATON
UNITED STATES DISTRICT JUDGE

So Moved and Consented to:

                          s/ JIM T. PRIEST
                          Jim T. Priest, OBA # 7310
                          jpriest@whittenburragelaw.com
                          Timothy D. Eisel, OBA #15226
                          teisel@whittenburragelaw.com
                          Whitten Burrage Priest Fulmer Anderson & Eisel
                          One Leadership Square, Ste. 1350
                          211 N. Robinson
                          Oklahoma City, OK 73102
                          Ph:    (405) 516-7800
                          Fax:   (405) 516-7859

                          Jana B. Leonard, OBA # 17844
                          leonardjb@leonardlaw.net
                          Joshua C. Stockton, OBA # 21833
                          stocktonj@leonardlaw.net
                          Leonard & Associates, P.L.L.C.
                          8265 S. Walker
                          Oklahoma City, OK  73139
                          Ph:    (405) 239-3800
                          Fax:   (405) 239-3801

                          ATTORNEYS FOR PLAINTIFFS


                          s/ DAVID T. WILEY
                          Thomas A. Davis
                          davist@jacksonlewis.com
                          David T. Wiley
                          wileyd@jacksonlewis.com
                          Shannon L. Miller
                          millers@jacksonlewis.com
                          Jackson Lewis LLP
                          First Commercial Bank Building
                          800 Shades Creek Parkway, Suite 870
                          Birmingham, Alabama 35209
                          Ph:    (205) 332-3101/3102/3104
                          Fax:   (205) 332-3131

                          ATTORNEYS FOR DEFENDANT