IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLETTE D. LACHNEY, MARTHA BERTHELOT, GEORGE LEISTMAN, EBBIN A. NORRIS, ETHEL L. ROBINSON, )<br><br>Plaintiffs, )<br><br>v. )<br><br>TARGET CORPORATION, )<br><br>Defendant. ) | CIV-06-1389-HE<br>(Consolidated Cases) |

## ORDER

On March 16, 2007, the court issued an order conditionally certifying a class for presentation of claims under the Age Discrimination in Employment Act. At the conclusion of discovery, defendant moved to decertify the collective action, and on April 12, 2010, the court denied defendant's motion. That same date, the court issued an order granting plaintiffs' motion to strike the testimony of defendant's expert witness, Dr. Mary Dunn Baker. The court found Dr. Baker's conclusions would not assist the jury in resolving the issues in this case. This matter is before the court on defendant's request for reconsideration of those rulings or, in the alternative, an order permitting interlocutory appeal of the decertification order.

Having reviewed defendant's motion to alter or amend the decertification order, the court finds defendant has, in the main, reiterated the arguments it presented to the court in the prior motion to decertify. The court carefully examined defendant's arguments when

1

ruling on that motion.  Nothing in defendant's motion to alter or amend convinces the court that its prior ruling – including its interpretation of the Tenth Circuit's opinion in <u>Thiessen v. General Elec. Capital Corp.</u>, 267 F.3d 1095 (10th Cir. 2001) – was in error.  Defendant's Motion to Alter or Amend Judgment [Doc. #235] is therefore DENIED.

Defendant's alternative motion is governed by 28 U.S.C. § 1292(b), which provides a vehicle for certifying controlling questions of law for immediate appeal.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  The court, however, cannot make the findings required by § 1292 as piecemeal appellate consideration of the issues in this case is not likely to materially advance the ultimate termination of the litigation.  If, as defendant suggests, there are internal inconsistencies in <u>Thiessen</u>, the presence of a full record on appeal would aid, rather than hinder, the Circuit's resolution of the issues.  Moreover, any interlocutory appeal would further delay a final resolution of what is already a long-running case.  Defendant's Alternative Motion for Certification of Interlocutory Appeal [Doc. #235] is therefore **DENIED**.

In its motion to alter or amend the court's ruling with respect to Dr. Baker, defendant asks the court "to allow Section V of Dr. Mary Baker's Report, or the age composition information it details, to be introduced into evidence at any trials in this matter and all related

individual lawsuits."[1] The court's prior order did not address the underlying data referenced in Section V of Dr. Baker's report as the parties did not raise this issue. Those data reflect the age and tenure of defendant's workforce during the relevant time period. Such evidence has been found to be relevant in age discrimination cases. *See* Bingman v. Natkin & Co., 937 F.2d 553, 556-57 (10th Cir. 1991). The court therefore modifies its April 12, 2010, order to permit admission of the underlying data referenced in Section V of Dr. Baker's report[2] if the evidence is offered by an appropriate witness and is otherwise admissible. To that limited extent, Defendant's Motion to Alter or Amend April 12, 2010, Order Regarding Defendant's Expert Witness Report [Doc. #236] is **GRANTED**.

Having disposed of the motions to reconsider, the court sets the following schedule for the initial pattern-or-practice trial of this case:[3]

| | |
|---|---|
| Plaintiffs to submit to defendant an initial global settlement demand | July 15, 2010 |
| Motions in limine due | August 17, 2010 |
| Responses to motions in limine due[4] | August 24, 2010 |
| Designation of deposition testimony due | August 27, 2010 |

---

[1]*Defendant's Motion to Alter or Amend April 12, 2010, Order Regarding Defendant's Expert Witness Report at 6 [Doc. #236].*

[2]*Section V of the report, however, will not be admitted into evidence.*

[3]*After the conclusion of the first phase of the pattern-or-practice trial, the court will set the schedule for subsequent individual trials, if necessary.*

[4]*Reply briefs will not be permitted.*

| | |
|---|---|
| Proposed voir dire, proposed jury instructions, trial briefs, objections and counter-designations to deposition testimony, and Final Pretrial Report due | September 3, 2010 |
| Jury selection and trial | September 13, 2010. |

In addition, this matter will be set for a settlement conference before the Honorable Lee R. West, United States District Judge, on **Thursday, August 5, 2010, beginning at 9:00 a.m**.

    **IT IS SO ORDERED**.

Dated this 17th day of June, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE